# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT V. WONSCH, | ) |
|       Plaintiff, | ) |
| -vs- | ) Case No. CIV-17-1378-F |
| MEGHAN BOWMAN, et al., | ) |
|       Defendants. | ) |

## ORDER

Plaintiff Robert V. Wonsch is a pre-trial detainee currently incarcerated at the Cleveland County Detention Center. He brings this action under 42 U.S.C. § 1983. Plaintiff appears *pro se* and his pleadings are liberally construed.

In a previous order (doc. no. 16), the court adopted most of an earlier Report and Recommendation by the magistrate judge. Pursuant to that order, the court dismissed a number of claims and referred other claims back to the magistrate judge, who was directed to provide plaintiff with an opportunity to amend those claims if amendment would not be futile. The magistrate judge gave plaintiff an opportunity to amend and plaintiff did so, filing an Amended Complaint. Doc. no. 19. Following an initial review of the amended claims, the magistrate judge submitted a Supplemental Report and Recommendation addressing the remaining claims. Doc. no. 21 (the Supplemental Report).

The Supplemental Report recommends: that plaintiff's "federal computer hacking" claim, and his claim alleged "under Title 38 of the U. S. Code," be dismissed for failure to state a claim; that plaintiff's Fourth and Fourteenth Amendment claims be dismissed for lack of subject matter jurisdiction, based on the

Younger abstention doctrine; and that the court decline supplemental jurisdiction over any state-law claims plaintiff may have intended to assert.

Plaintiff objects to the Supplemental Report. Doc. no. 26. In addition, plaintiff filed a Notice which argues that a conflict of interest prevents his ex-wife's attorney from representing his ex-wife (or any other defendant) in this case or in "any matter vs. me." Doc. no. 29. Plaintiff also moves to strike certain documents based on the alleged conflict of interest. Doc. no. 28. The documents which plaintiff asks the court to strike are doc. no. 23 (motion to extend deadlines filed by plaintiff's ex-wife's attorney), doc. no. 24 (entry of appearance filed by plaintiff's ex-wife's attorney), and doc. no. 25 (order granting the extension requested in doc. no. 23).

After the Supplemental Report was filed by the magistrate judge, a motion to dismiss this action was filed by Oklahoma State Bureau of Investigation Special Agent Meghan Bowman. Doc. no. 22. A motion to dismiss was also filed by Kimberly Genis, plaintiff's ex-wife. Doc. no. 32. Both of these motions argue that this action should be dismissed under the Younger abstention doctrine, an issue which is among those addressed in the Supplemental Report. Plaintiff has not responded separately to these motions. However, construing plaintiff's filings liberally, the court presumes that plaintiff objects to the motions because, in his objections to the Supplemental Report, he objects to dismissal of any claims under Younger.

As part of this court's review of the Supplemental Report and plaintiff's objections, the court has confirmed that, as of the date of this order, plaintiff's criminal case, State v. Wonsch, CF-16-10, which is the basis of Younger abstention, remains pending in the District Court of Cleveland County, State of Oklahoma.

Having reviewed objected to matters *de novo*, the court agrees with the reasoning and conclusions stated in the Supplemental Report. In light of the detailed analysis included in the Supplemental Report, and given the fact that plaintiff's

criminal case remains pending in state court, there is no need for any further analysis here.

Accordingly, plaintiff's objections to the Supplemental Report are **DENIED** and the Supplemental Report is **ACCEPTED**, **ADOPTED** and **AFFIRMED**. Per the Supplemental Report, plaintiff's "federal computer hacking" claim, and his claim under "Title 38 of the U. S. Code" are **DISMISSED**, without prejudice, for failure to state a claim; based on the <u>Younger</u> abstention doctrine, plaintiff's Fourth and Fourteenth Amendment claims are **DISMISSED**, without prejudice, for lack of subject matter jurisdiction; and supplemental jurisdiction is declined over any state-law claims plaintiff may have intended to assert. As no claims remain for adjudication, this action is **DISMISSED**. Plaintiff's motion to strike (doc. no. 28), and defendants' motions to dismiss (doc. nos. 22, 32), are **STRICKEN** as moot.

IT IS SO ORDERED this 13th day of August, 2018.

*[signature]*
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

17-1378p003.docx